IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DOUGLAS MOLETTE,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| vs. | )    CIV. ACT. NO. 1:24-cv-248-TFM-MU |
| | ) |
| **ADVANCED INTEGRATION** | ) |
| **TECHNOLOGY, LP,** | ) |
| | ) |
|    **Defendant.** | ) |

### MEMORANDUM OPINION AND ORDER

On August 6, 2025, the Magistrate Judge entered a Report and Recommendation which recommends the Plaintiff's Motion to Amend (Doc. 38) be denied and Defendant's Motion to Dismiss (Doc. 23) be granted in part and denied in part. *See* Doc. 41. Plaintiff filed his objections to the Report and Recommendation which specifically addressed the denial of amending the complaint. *See* Doc. 44. Defendant filed its response to the objections. *See* Doc. 47. The Report and Recommendation is ripe for review.

Plaintiff's sole objection is to the denial of leave to amend the complaint. Doc. 44. Defendant's response to the objections argues that Plaintiff fails to establish the joint employer theory of liability.

Fed. R. Civ. P. 15(a)(2) states "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "The policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court

is not broad enough to permit denial." *Shipner v. E. Air Lines*, 868 F.2d 401, 407 (11th Cir. 1989); *see also Evans v. Freese II, Inc.*, Civ. Act. No. 1:20-CV-01179-ELR, 2020 U.S. Dist. LEXIS 256277, at *5, 2020 WL 10110995, at *2 (N.D. Ga. Dec. 29, 2020) (quoting *Shipner*). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Estate of Hand v. Fla. Dep't of Corr.*, 2023 U.S. App. LEXIS 328, at *15, 2023 WL 119426, at *5 (citing *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) ("Put another way, we have set forth five factors for district courts to consider: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility of amendment.").

Given that this request to amend is still relatively early in the case and even occurs before the entry of a scheduling order and discovery, the Court has serious concerns about denying leave to amend. This case is in its nascent phase, and Defendant's own objections ring hollow given that this case will proceed with discovery regardless given that certain claims survive and discovery will occur regardless. Moreover, the Magistrate Judge focuses on the "untimeliness" of the motion to amend, yet since this case will proceed forward, it will require a scheduling order, which **will** also include a deadline for amending pleadings. Therefore, it is difficult to find that it is untimely.

That said, the Court also agrees that the current proposed amended complaint when adding

additional parties is insufficient in its allegations even under Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court acknowledges that Plaintiff paid his full filing fee and therefore this case is not subject to screening under 28 U.S.C. § 1915(e)(2)(B). Moreover, while the current proposed amended complaint would not survive review under Fed. R. Civ. P. 12(b)(6), the Court is loath to find that there are no circumstances where such a claim could survive such scrutiny especially as noted in the Report and Recommendation, most of these decisions are made at the summary judgment stage which occurs after discovery on the subject. Had Plaintiff initially included these defendants in his earlier complaint, the summons would have issued, and it could have been addressed by motion from those defendants. Regardless, the Court recognizes a need to push this case forward (for the benefit of all parties) as it has stagnated at the motion to dismiss phase.

As previously noted, Fed. R. Civ. P. 15(a)(2) states that "[t]he court should freely give leave [for a party to amend its pleading] when justice so requires." This policy allows for the determination of a case on its merits, which is preferable to disposing of cases on a mere technicality. Therefore, the Court strikes a balance here between the current deficiencies of the proposed amended complaint, the need to move forward, and precluding a potential claim by having a functional denial with prejudice (which is what would occur if the Court were to permanently preclude the joint-employer theory). The motion to amend (Doc. 38) is **DENIED without prejudice** and with leave to refile in accordance with the scheduling order and discovery process. Plaintiff may conduct discovery as it relates to the current defendant on the issue of the joint employer as to the level of involvement the Airbus and HWX exert over AIT or their involvement in the decisions as they relate to Plaintiff's employment.

This avoids making a conclusive or final decision too early in the pre-discovery phase when

discovery may ultimately provide Plaintiff with sufficient facts to support a motion to amend to add these proposed defendants.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED as modified** as the opinion of this Court. Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Dismiss (Doc. 23) is **GRANTED in part** and **DENIED in part**.

   a. The motion is granted to the extent the Count I Title VII retaliation claim is **DISMISSED** for failure to exhaust administrative remedies.

   b. The motion is **DENIED** as to the Count I claims involving Title VII race-based pay discrimination and Title VII failure to promote, and the entirety of Count II for discrimination under 42 U.S.C. § 1981.

(2) Plaintiff's Motion to Amend (Doc. 38) is **DENIED without prejudice and with leave to refile** should he be able to correct the deficiencies in his proposed amended complaint and assert sufficient factual allegations to survive a motion to dismiss. This gives Plaintiff the opportunity to conduct discovery on the subject and to comply with the timelines established in the forthcoming scheduling order.

This case is **REFERRED BACK** to the Magistrate Judge for the entry of a scheduling order pursuant to Fed. R. Civ. P. 16 and 26.

**DONE** and **ORDERED** this 23rd day of September, 2025.

/s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE