**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS MOLETTE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-248-TFM-MU |
| | ) | |
| ADVANCED INTEGRATION | ) | |
| TECHNOLOGY, LP, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| DOUGLAS MOLETTE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26-CV-135-TFM-MU |
| | ) | |
| ADVANCED INTEGRATION | ) | |
| TECHNOLOGY, LP, | ) | |
| HWX ENTERPRISES, LLC, and, | ) | |
| AIRBUS U.S. A220, INC., | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

The parties were ordered to show cause why these two actions should not be consolidated pursuant to Fed. R. Civ. P. 42(a)(2). The Court has considered the responses filed by Plaintiff Molette (Doc. 136) and Defendants AIT (Doc. 134) and HWX (Doc. 21).[1]  Molette opposes consolidation while AIT and HWX do not.  The undersigned

---

[1] It does not appear that Airbus U.S. A220, Inc., who is named as a defendant in case no. 26-135, has been properly served. *See* Doc. 1-7. Airbus has not appeared in the case.

finds that the two actions filed by Molette involve common questions of law and fact and consolidation is appropriate at this stage to conserve judicial and party resources.

On July 19, 2024, Molette filed his complaint in case no. 24-248, *pro se*, alleging discrimination and retaliation by his employer, AIT, on the basis of race. (Doc. 1). Molette was granted leave to amend and filed an amended complaint on December 10, 2024. (Doc. 20). Currently, this remains the operative complaint, and it again asserts claims of discrimination and retaliation by AIT on the basis of race under Title VII. (*See* Doc. 20). The complaint also includes discrimination claims against AIT under § 1981. (*Id*.). The claims are based on allegations that Molette was paid a lower hourly rate than a white comparator and that Molette applied for a manager position that was filled by a white applicant. (*Id*). Molette also alleged retaliatory discipline by AIT in response to filing a complaint with Airbus. (Doc. 20, PageID.174).

On January 6, 2026, Molette filed another motion to amend, seeking to add HWX and Airbus as defendants, asserting that they are liable with AIT under a "joint employer" theory of liability. (Doc. 66, PageID.413-14). The proposed amended complaint also included a § 1981 retaliation claim. (Doc. 66, PageID.417). On March 4, 2026, the undersigned issued a Report and Recommendation recommending that plaintiff's motion to amend be granted in part to add HWX as a defendant and denied in part to deny adding Airbus as a defendant at that time (Doc. 88), and further recommended that the Title VII retaliation claim be stricken for failure to exhaust administrative remedies. (Doc. 88, PageID.554).

Molette filed case no. 26-135 in state court on February 27, 2026. (Doc. 1-2). The case was removed to this Court on April 10, 2026. (Doc. 1). In this action, Molette asserts

2

state law claims for Fraud (Count I), Civil Conspiracy (Count II), Negligent or Wanton Misrepresentation (Count III), and Interference with Business and Economic Relations arising out of his employment placement and compensation (Count IV). (Doc. 1-2). Defendants HWX and AIT filed motions to dismiss (Doc. 10, Doc. 15), and Molette has filed two pending motions to amend (Doc. 17, Doc. 19). Molette's claims are based on alleged misconduct relating to his employment, compensation, and treatment in the workplace, including allegations that Defendants "deflated" his resume "to justify offering Plaintiff lower compensation than his qualifications warranted." (Doc. 1-2, PageID.15). Molette's proposed amended complaint seeks to add claims of race discrimination and retaliation under both Title VII and § 1981. (Doc. 19-1).

While case no. 24-248 has been pending for some time, it has still not advanced past the motion to dismiss stage, and Molette is still seeking to amend his complaint to add the very defendants – HWX and Airbus – who he has named as defendants in case no. 26-135. Moreover, Molette is now seeking to add claims of race discrimination and retaliation under Title VII and § 1981 in case no. 26-135. Despite Plaintiff's opposition to consolidation, Molette is attempting to add the same defendants and overlapping claims to each case. At this stage, it is apparent that the two cases have common factual and legal issues that would be better addressed in one action. Therefore, the Court **ORDERS** case no. 26-135 be **CONSOLIDATED** with case no. 24-248.

In light of the consolidation, the Court finds it appropriate to **WITHDRAW** the Report and Recommendation entered in case no. 24-248 on the pending motion to amend. (Doc. 88).  Additionally, the Court **GRANTS** Molette's motion to amend (Doc.

66),[2] so that he may file one consolidated complaint including all defendants, claims, and factual allegations in a single complaint. This complaint will replace all prior complaints and should not refer to or refence any prior pleading. *See* S.D. Ala. Civ. L.R. 15(a). The complaint should also attach any relevant exhibits Molette wishes to include as part of his complaint. While the Report and Recommendation on the motion to amend was withdrawn, the analysis contained therein (*see* Doc. 66) and in the Court's prior Report and Recommendation addressing previously filed motions to dismiss and to amend (*see* Doc. 41) is still relevant and should be considered by Molette in drafting his amended complaint. Further, the Court cautions that this will be the final opportunity to amend the complaint at the pleading stage of this case. Plaintiff is **ORDERED** to file his amended complaint by **June 12, 2026**.

DONE and ORDERED this the 27th day of May, 2026.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court finds that the prior Motion to Amend Complaint (Doc. 64), filed on December 29, 2025, is **MOOT**, as it was superseded by the later filed motion to amend.